IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| JOHNNIE M. BENTLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 11-4248-CV-C-ODS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**ORDER AND OPINION AFFIRMING COMMISSIONER'S DENIAL OF SOCIAL SECURITY BENEFITS**

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying her application for disability benefits under Title II. The Commissioner's decision is affirmed.

I. BACKGROUND

The ALJ rejected Plaintiff's claim at step four of the five-step sequential analysis, finding Plaintiff retained the residual functional capacity to return to her past employment as a housekeeper. Plaintiff's appeal focuses on the third step of the analysis, as she contends she meets or equals a listed mental impairment. Therefore, the background information provided herein will be focused on this issue and, most notably, will not dwell on Plaintiff's alleged physical limitations except as they may relate to the listing Plaintiff is relying on. In addition, the Court notes the relevant period for examination May 23, 2008 (the date her immediately preceding application for benefits was denied) and October 18, 2010 (the date the ALJ issued the decision being reviewed in this case).

Plaintiff was born in May 1957, completed the eleventh grade, and has prior work experience as a housekeeper and waitress. At an unknown point in time, but

commencing at least in her ninth grade year (1971-72), Plaintiff was enrolled in special education classes. Plaintiff's school records also reflect a series of tests that she took. A Lorge-Thorndike test administered in 1967 revealed a verbal score of 73, a nonverbal score of 58, and a total score of 61. A Stanford-Binet test administered in October 1968 revealed a total score of 77. A WISC test administered in 1971 revealed a verbal score of 77, a performance score of 84, and an IQ score of 80. R. at 249-50.[1]

Plaintiff testified that she lost her job as a waitress because of her inability to perform basic math skills. Plaintiff also submitted to the Appeals Council a psychological evaluation prepared by Mark Schmitz in March 2011. However, while Dr. Schmitz reported Plaintiff's claim that she was "functionally illiterate," he also cautioned the reader about the limits of his evaluation, saying "[a]lthough not formally assessed for purposes of this examination, Ms. Bentley is likely functioning in the mild mental retardation or borderline intellectual functioning range of intellect." R. at 471.

## II. DISCUSSION

"[R]eview of the Secretary's decision [is limited] to a determination whether the decision is supported by substantial evidence on the record as a whole. Substantial evidence is evidence which reasonable minds would accept as adequate to support the Secretary's conclusion. [The Court] will not reverse a decision simply because some evidence may support the opposite conclusion." Mitchell v. Shalala, 25 F.3d 712, 714 (8th Cir. 1994) (citations omitted). Though advantageous to the Commissioner, this standard also requires that the Court consider evidence that fairly detracts from the final decision. Forsythe v. Sullivan, 926 F.2d 774, 775 (8th Cir. 1991) (citing Hutsell v. Sullivan, 892 F.2d 747, 749 (8th Cir. 1989)). Substantial evidence means "more than a mere scintilla" of evidence; rather, it is relevant evidence that a reasonable mind might

---

[1]Plaintiff describes the performance and IQ scores on the WISC as "not being legible." Plaintiff's Brief at 23. The Court disagrees; with the aid of a magnifying glass, the diagonal stroke completing a handwritten "8" becomes quite apparent.

2

accept as adequate to support a conclusion. Gragg v. Astrue, 615 F.3d 932, 938 (8th Cir. 2010).

The ALJ concluded Plaintiff does not meet or equal the criteria of listings 12.03, 12.04, 12.06, or 12.09. Plaintiff contends she meets or equals the conditions described in listed impairment 12.05C. The ALJ did not address 12.05C, but this is probably because Plaintiff did not suggest to the ALJ that this listing applied. In any event, the issue was presented to the Appeals Council, so the Court must consider the argument (and any evidence submitted to and considered by the Appeals Council) when reviewing the Commissioner's final decision. E.g., Van Vickle v. Astrue, 539 F.3d 825, 828 (8th Cir. 2008).

Listing 12.05C requires a claimant to show
1. a valid verbal, performance, or full scale IQ of 60 through 70;
2. an onset of the impairment before age 22; and
3. a physical or other mental impairment imposing an additional and significant work-related limitation of function.

Maresh v. Barnhart, 438 F.3d 897, 899 (8th Cir. 2006). Plaintiff has not presented evidence justifying a remand, particularly with respect to the first and second requirements of the listing. She relies, primarily, on her school records and inability to perform mathematical tasks. While Plaintiff was enrolled in special education classes, only two of her seven scores were less than 70, and her later scores are all above 70. No doctor or other medical professional has ever formally opined that Plaintiff suffers from mental retardation.

Moreover, IQ scores may be rejected or discounted if they are inconsistent with the record, and "should be examined to assure consistency with daily activities and behavior." Miles v. Barnhart, 374 F.3d 694, 699 (8th Cir. 2004). Plaintiff has a documented work history (primarily as a housekeeper). The ALJ also found Plaintiff "is able to perform routines of personal care, without the assistance of others, clean her home, do laundry, shop for household necessities, and go out alone." R. at 16. This finding is not challenged on appeal, and is significant because it suggests Plaintiff is not limited due to mental retardation. See Clark v. Apfel, 141 F.3d 1253, 1256 (8th Cir.

3

1998). Finally, it must be remembered that 12.05C requires proof of the onset of mental retardation before Plaintiff reached age 22. There is simply no compelling evidence to support this conclusion. On this Record, the ALJ's failure to address listing 12.05C does not require reversal.

## II. CONCLUSION

The Commissioner's final decision is affirmed.

IT IS SO ORDERED.

DATE: June 26, 2012

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT